**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

RAPHAEL AMAYA, individually
and on behalf of all others similarly situated        **CLASS ACTION**

*Plaintiff*,

vs.

ENTRATA, INC., a Delaware Company,        **JURY TRIAL DEMANDED**
and CA STUDENT LIVING HOLDING
COMPANY, LLC, a Delaware Limited
Liability Company,

*Defendants.*
_____/

**CLASS ACTION COMPLAINT**

Plaintiff, RAPHAEL AMAYA (hereinafter "Plaintiff"), brings this class action under Rule 23 of the Federal Rules of Civil Procedure against Entrata, Inc. ("Entrata") and CA Student Living Holding Company, LLC ("CA Student") (collectively "Defendants") for their violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA"), and the regulations promulgated thereunder. In support, Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants, in negligently or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own

1

acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. This lawsuit challenges Defendants' alleged systematic violation of the TCPA by sending unsolicited text message advertisements to Plaintiff and others. Defendant CA Student promotes the rental of apartments at Identity Miami, a fifteen-story apartment building in Miami which it owns, to students at Florida International University, in part by sending unsolicited text messages to Plaintiff and others.

3. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1] The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of autodialed or prerecorded-voice calls to cell phone numbers and failing to institute appropriate do-not-call procedures. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. 64.1200(d).

4. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. Additionally, the FCC has explicitly stated that the TCPA's prohibition on automatic telephone dialing systems "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls." U.S.C.A. Const. Amend. 5; Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C.A. § 227(b)(1)(A)(iii). *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165 (N.D. Cal. 2010)

---

[1] *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).

6. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

7. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.,* 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd,* 755 F.3d 1265 (11th Cir. 2014).

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

9. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District, including the transmission of the subject unauthorized text advertisements.

10. The Court has personal jurisdiction over Defendants because they conduct business in this state, market their services within this state, and have availed themselves to the jurisdiction

of the State of Florida by transmitting the subject unauthorized text advertisements to Plaintiff and Class Members in this state.

## PARTIES

11. Plaintiff's domicile is in Miami-Dade County, Florida. Plaintiff is a citizen of the state of Florida.

12. Defendant, Entrata, Inc, is a Delaware Company and citizen of the state of Utah. Entrata, Inc. lists its principal address at 4025 Chapel Ridge Road, Lehi, UT 84043. Entrata, Inc.is also registered in the state of Florida.

13. Upon information and belief, Entrata serves real property owners, property managers and residents by providing property management software solutions.

14. Upon information and belief, Entrata offers real property management software to property owners and property managers, including CA Student.

15. Upon information and belief, Entrata has sent unsolicited text messages to wireless phone users to promote rentals of apartment units in the complex owned by CA Student known as "Identity Miami", located at 400 SW 107th Avenue, Miami, Florida.

16. Defendant CA Student Living Holding Company, LLC is a Delaware limited liability company and citizen of the state of Illinois. CA Student lists its principal address at 130 E. Randolph Street, Suite 2100, Chicago, Illinois 60601.

17. Defendant CA Student claims that it is an investor, developer and manager of student housing assets in North America. CA Student Living, https://ca-ventures.com/student-living-off-campus/ (last visited May 31, 2019).

18. Entrata, directly or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, assisted with, and/or otherwise caused all of

4

the wrongful acts and omissions, including the dissemination of the unsolicited text messages that are the subject matter of this Complaint.

## FACTUAL ALLEGATIONS

19. At all times relevant, Plaintiff was a citizen of the State of Florida. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

20. Entrata is, and at all times mentioned herein was, a corporation and "persons," as defined by 47 U.S.C. § 153 (39).

21. At all times relevant Entrata conducted business in the State of Florida and in Miami-Dade County, within this judicial district.

22. CA Student is, and at all times mentioned herein was, a corporation and "persons," as defined by 47 U.S.C. § 153 (39).

23. At all times relevant CA Student conducted business in the State of Florida and in Miami-Dade County, within this judicial district.

24. Entrata utilizes bulk SPAM text messaging, or SMS marketing, to send unsolicited text messages, marketing and advertising the Identity Miami property, including at least one (1) unsolicited text message to Plaintiff.

25. Plaintiff is informed and believes that at times relevant to this action, Entrata was acting as an agent of, or as a joint venture with CA Student, for each other's mutual benefit, within the course and scope of their agreement and with each other's full knowledge and consent. Plaintiff is informed and believes that each of Entrata's acts and/or omissions complained of herein were known to, and ratified by CA Student.

26.     Upon information and belief, CA Student received and retained monetary benefit of the transactions entered into as a result of both its business arrangement with Entrata and Entrata's unlawful calling and telemarketing practices alleged herein.

27.     Upon information and belief, Defendant Entrata actually committed the conduct that violated the TCPA, and/or actively oversaw and directed the conduct. Entrata's name appears on the website liveatidentity.com that is promoted in the subject unsolicited text message advertisements.

28.     For example, on or about April 8, 2019, at approximately 3:18 p.m. (EST), Entrata sent the following unsolicited text message to Plaintiff's cellular telephone ending in "9234:"



29. On or about May 7, 2019, at approximately 12:25 p.m. (EST), Entrata sent another unsolicited text message, shown above, to Plaintiff's cellular telephone ending in "9234".

30. The impersonal and generic nature of Entrata's text messages, and the fact the subject text messages originated from short codes, demonstrates that Entrata utilized an ATDS in transmitting the text messages.

31. Plaintiff was at no time given an option to "opt-out" of receiving future unsolicited text messages from Entrata.

32. At no time did Plaintiff provide Plaintiff's cellular phone number to Defendants through any medium, nor did Plaintiff consent to receive such unsolicited text messages.

33. Plaintiff has never signed-up for, and has never used, Defendants' services, and has never had any form of business relationship with Defendants.

34. Through the unsolicited SPAM text message, Entrata contacted Plaintiff on Plaintiff's cellular telephone regarding an unsolicited service via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

35. Upon information and belief, this ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

36. Upon information and belief, this ATDS has the capacity to store numbers on a list and to dial numbers from a list without human intervention.

37. The text messages constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

38. Plaintiff did not provide Defendants or its agents prior express consent to receive text messages, including unsolicited text messages, to his cellular telephone, pursuant to 47 U.S.C.

39. The unsolicited text message by Defendants, or its agents, violated 47 U.S.C. § 227(b)(1).

40. Defendants are and were aware that it is placing unsolicited robocalls to Plaintiff and other consumers without their prior express consent.

41. Plaintiff was damaged by Defendants' text messages. In addition to using Plaintiff's cellular data, his privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted robo-spam text messages forcing him to divert attention away from his work and other activities. *See Muransky v. Godiva Chocolatier, Inc.,* 905 F.3d 1200, 1211 (11th Cir. 2018). ("[T]ime wasting is an injury in fact".… "[A] small injury… is enough for standing purposes").

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this class action under rules 23(a) and 23(b)(2) & (b)(3) of the Federal Rules of Civil Procedure on behalf of itself and of a similarly situated "Class" or "Class Members" defined as:

> **All persons in the United States who, within the four (4) years prior to the filing of this Complaint, were sent a text message, from Entrata Inc., on behalf of CA Student Living Holding Company, LLC, to said person's cellular telephone number, advertising Identity Miami or another residential property, without the recipients' prior express written consent.**

43. Excluded from the Class are: any Defendant, and any subsidiary or affiliate of that Defendant, and the directors, officers and employees of that Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

44. This action has been brought and may properly be maintained as a class action against Entrata pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

45. **Numerosity**: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Entrata's conduct consisted of a standardized SPAM text messaging campaign electronically sent to particular telephone numbers, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members. Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

46. Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Entrata's records, including, but not limited to Entrata's text and marketing records.

47. Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

48. **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Entrata or its

agents sent any unsolicited text message/s (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing and/or SMS texting system to any telephone number assigned to a cellular phone service;

b. How Entrata obtained the numbers of Plaintiff and Class members;

c. Whether the dialing system used to send the subject text message is an Automatic Telephone Dialing System;

d. Whether Entrata engaged in telemarketing when it sent the text message which are the subject of this lawsuit;

e. Whether the text message sent to Plaintiff and Class Members violate the TCPA and its regulations;

f. Whether Entrata willfully or knowingly violated the TCPA or the rules prescribed under it;

g. Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Entrata's acts and conduct;

h. Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Entrata from continuing to engage in its unlawful conduct; and

i. Whether Plaintiff and the Class are entitled to any other relief.

49. One or more questions or issues of law and/or fact regarding Entrata's liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

50. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise

from the same course of conduct that violates the TCPA.

51. Plaintiff and members of the Class each received at least one SPAM text advertisement, advertising apartments at Identity Miami, which contained no purported opt-out notice, which Entrata sent or caused to be sent to Plaintiff and the members of the Class.

52. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel, who are competent and experienced in litigation in the federal courts, TCPA litigation and class action litigation.

53. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Entrata by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the

Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

54. **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted under Rule 23(b)(2) because Entrata has acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole. Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendants ongoing violations of the TCPA, and to order Entrata to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted text messages.

### COUNT I
### DEFENDANTS' VIOLATIONS OF
### THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(b)

55. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 47 of this Complaint as though fully stated herein.

56. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system. . .to any telephone number assigned to a . . .cellular telephone service . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

57. "Automatic telephone dialing system" refers to any equipment that has the "capacity to dial numbers without human intervention." *See*, *e.g.*, *Hicks v. Client Servs., Inc.*, No. 07-61822, 2009 WL 2365637, at *4 (S..D. Fla. June 9, 2009) (citing FCC, In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991: Request of ACA International for Clarification and Declaratory Ruling, 07-232, Par. 12, n.23 (2007)).

58. Defendants – or third parties directed by Defendants – used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined above.

59. These calls were made without regard to whether or not Defendants had first obtained express permission from the called party to make such calls. In fact, Defendants did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

60. Defendants have, therefore, violated Sec. 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express written consent.

61. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

62. As a result of Entrata's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

63. All Defendants are directly or vicariously liable for each such violation of the TCPA.

64. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendants, jointly and severally, as set forth in the Prayer for Relief below.

**COUNT II**
**DEFENDANTS' KNOWING AND/OR WILLFUL VIOLATIONS OF**
**THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(b)**

65. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 47 and 49-51 of this Complaint as though fully stated herein.

66. At all relevant times, Defendants knew or should have known that its conduct as alleged herein violated the TCPA.

67. Defendants knew that they did not have prior express consent to make these calls, and knew or should have known that their conduct was a violation of the TCPA.

68. Because Defendants knew or should have known that Plaintiff and Class Members did not give prior express consent to receive autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff and members of the putative Class pursuant to § 227(b)(3) of the TCPA.

69. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

70. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

71. All Defendants are directly or vicariously liable for each such violation of the TCPA.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against the Defendants, jointly and severally, as set forth in the Prayer for Relief below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class, against Defendants, jointly and severally, for:

a. An order certifying this case as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys Class counsel;

b. Statutory damages of $500 per text;

c. Willful damages at $1,500 per text;

d. A declaration that Entrata's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

e. An injunction prohibiting Entrata's from using an automatic telephone dialing system to text numbers assigned to cellular telephones without the prior express written consent of the called party;

f. Reasonable attorney's fees and costs; and

g. Such further and other relief as this Court deems reasonable and just.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Dated: May 31, 2019

Respectfully submitted,

*/s/ Seth Lehrman*
Seth M. Lehrman (FBN 132896)
E-mail: seth@epllc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

*Attorneys for Plaintiff*